**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERARDO LOPEZ,<br><br>        Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 11-70604<br><br>Agency No. A089-394-883<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2014[**]
Pasadena, California

Before: TALLMAN, BEA, and FRIEDLAND, Circuit Judges.

Petitioner Gerardo Lopez petitions this Court for review of his final order of

removal. We exercise jurisdiction under 8 U.S.C. § 1252(a)(2)(D) and deny the

petition.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lopez claims that the proceedings underlying his final order of removal were conducted in violation of his due-process rights. First, he claims that the immigration judge improperly admitted untimely submitted evidence of his prior conviction. Second, he claims that the immigration judge improperly issued her opinion without waiting for a scheduled hearing on the admissibility of Lopez's conviction records.

Even if Lopez's due-process claims had merit, he fails to show prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). The minute order of his prior guilty plea and conviction coupled with the criminal complaint irrefutably establish that Lopez was convicted of a drug-related offense. And Lopez does not contest the conviction or whether the conviction is for a drug-related offense under 8 U.S.C. § 1182(a)(2)(A)(i)(II). He is thus ineligible for relief from deportation. *See* 8 U.S.C. § 1255(i)(2)(A) (providing that the Attorney General may adjust the status of an alien only when he is admissible).

**DENIED.**